Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | CHAPTER 13 BANKRUPTCY |
| ) | |
| WALTER LEE SLATTERY ) | CASE NO. 2-09-bk-30060-GBN |
| xxx-xx-6901 ) | |
| JOLYN SLATTERY ) | TRUSTEE'S EVALUATION AND |
| xxx-xx-6983 ) | RECOMMENDATION(S) REPORT WITH |
| ) | NOTICE OF POTENTIAL DISMISSAL IF |
| ) | CONDITIONS ARE NOT SATISFIED |
| ) | RE: CHAPTER 13 3RD AMENDED PLAN |
| Debtor(s) ) | |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 3rd Amended Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a.  Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b  <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c.  The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d  The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e.  The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before

Trustee's Recommendation
Case #09-30060
.

the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

f.  The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.  At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.  If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.  Interim Plan payments are current with payment of $1,135.59 due 9/20/10.

    Amended and/or Modified Plan may not retroactively change the amount of payments already remitted and/or due by Debtor under the original Plan. Schedule of payments to be revised to read:

    Months 1 through 3 at $2,362.94
    Months 4 through 5 at $258.15
    Months 6 through 7 at $361.97
    Months 8 through 26 at $1,135.59
    Months 27 through 60 at $425.72

    The Trustee also requires the Debtors to justify the decrease in the Plan payments in the 27th months of the Plan.

2   Debtors have rental property. The Trustee requires language in the Stipulated Order which states that should this property be sold prior to completion of the Plan any proceeds over and above the Chapter 7 Reconciliation funds are to be turned over to the Estate. The Trustee also requires language which states that this rental property does not vest back to the Debtors upon confirmation of the case.

-2-

It is difficult for the Trustee to determine whether the Debtors rental property has renters. The Trustee requires a copy of a lease agreement and copies of paid rental receipts for this property. The amended Schedule J will be filed, as addressed for several issues below, needs to separate the Debtors' residential rental payment and rental property payments.

If this property has no income, it is detrimental to the Estate and the Trustee requires this property to be surrendered in an Amended Plan as it also has no non-exempt equity.

3. Plan payments have decreased and Debtors have moved. The Trustee requires an amended Schedule I and J, along with two current consecutive pay stubs from each employer, to verify Debtors' ability to fund the plan payments.

4. Debtors' 3rd Amended Plan proposes to short-sell their surrendered residential property. The Trustee finds no purpose in this transaction. However, the Trustee notes that Debtors can not see this property without the Court's approval.

5. Debtors' 3rd Amended Plan proposes to retain two timeshares and pay arrearages to one of the timeshares through the Plan. Debtors' Schedule A and B fail to include these timeshares and fail to include any value. Debtors' Schedule D fails to include any debt obligations to these creditors. The Trustee requires Debtors to provide documentation to justify the value of the property, amend Chapter 7 Reconciliation appropriately, amend all Schedules appropriately and properly notice the creditors of the filing of this case, provide them notice of their proposed treatment, time to object and/or file a proof of claim. Unless there is non-exempt value to any of these timeshares, the Trustee objects to the retention of the property and requires an amended Plan to be filed to surrender the property.

6 The Trustee notes a discrepancy in attorney fees in the Plan, Fee Application, Statements of Financial Affairs and 2016(b). The Trustee requires clarification regarding this issue and all appropriate documents to be amended, filed and copies provided to the Trustee.

7. The proof of claim filed by the Internal Revenue Service differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved by October 2, 2010. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

8. The Trustee requires an amended Chapter 7 Reconciliation as Debtor has failed to incorporate all non-exempt assets. The Trustee also objects to the deduction of a 1305 post-petition tax obligation from this obligation.

9. Debtors' Schedule B fail to show ownership in the Arrowhead County Club and fail to include any value of this non-exempt asset. The Trustee requires the Debtors to provide a copy of their purchase contract on this membership. If this property has no value, the Trustee objects to annual dues being paid which is non-essential to the Estate.

10. Upon review of the Debtors' 22C the Trustee objects to: Item #29, Debtors have deducted ownership expense on a vehicle which is free and clear of lien and used a ownership expense which has no relation to the IRS guidelines. The Trustee objects.
Debtors have also deducted monthly expenses for their residential property which they have surrendered.

Adjusting the above items places the 22C in a positive position which requires the Debtor to submit all excess income for the duration of the Plan or until all claims are paid in full.

11. Items #2, and #6 of the Trustee's Recommendation have not been provided or resolved. The Trustee requires these issues to be resolved within the guidelines of this Recommendation. Debtors have been given sufficient time to comply with these issues; therefore, the Trustee will object to any further extensions.

The bank statement provided was for the wrong dates. This issue needs to be resolved.

Debtors have never submitted a business questionnaire for each Debtor's business entity. Debtors have also not filed a monthly operating statement or provided the Trustee with a copy for the months of November and December, 2009. Debtors have not filed March and April, 2010 operating reports with the Court. These issues need to be resolved.

12. Upon review of Debtor/wife's income, her monthly average net income is $5,931.00. Schedule needs to be amended appropriately and Plan payments increased.

13, Until the Trustee has sufficient information to determine the value of all non-exempt property addressed above, the Trustee can not determine whether Debtors are providing sufficient fund to satisfy the Chapter 7 Reconciliation obligation.

14. Based upon prior performance, the Trustee conditionally objects to the fees requested by counsel for the debtor(s). The Trustee will withdraw the conditional objection upon confirmation of the debtor(s) plan with the following exceptions. If debtor(s) attorney fails to file all the required statements and schedules within the time set by the Code and any extension granted by the Court, the Trustee will request the Court approve a $750.00 reduction in the fees requested by counsel. The Trustee will request a further $750.00 reduction in attorney fees' if counsel for the debtor(s) fails to timely respond to the Trustee's Recommendation or submit a Stipulated Order Confirming case within the time set by the Trustee. The Trustee will have the conditional objection set for hearing if counsel for the debtor(s) fails to agree to the fee reductions. The conditional objection will not delay confirmation of debtor(s) case. The Trustee will hold funds for counsel until the Court rules on the Trustee's objection. All other monies will be disbursed in due course.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to remain current in Plan payments, resolve above item(s) #2 through 14 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

Edward J. Maney, Trustee

Copies of the foregoing mailed on this date See Electronic Signature Block to:

Nasser U. Abujbarah
7025 E. McDowell, #9
Scottsdale, AZ   85257

Walter and Jolyn Slattery
8632 W. Lariate Lane
Peoria, AZ   85383